Jeremy S. Golden (SBN 228007)
Octavio Cardona-Loya II (SBN 255309)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT SAMIA, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; BBVA USA dba COMPASS BANK; USAA FEDERAL SAVINGS BANK; BMW FINANCIAL SERVICES NA, INC.; MERCEDES-BENZ FINANCIAL SERVICES USA LLC; BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: '21CV1015 W    WVG <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1) This is an action for damages brought against Defendants for actual, statutory

damages, punitive damages, and costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA"), both of which prohibit unlawful credit reporting; and for violation of the Identity Theft Act, Civil Code §1798.92 *et seq.*

## II.  PARTIES

2) Plaintiff ALBERT SAMIA is a natural person residing in the State of California, County of San Diego.

3) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626.  EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4) Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 1550 Peachtree Street NW, H46, Atlanta, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

5) Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability company doing business in San Diego, California operating from an address at 555 W Adams St., Chicago, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of

assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

6) Defendant BBVA USA dba COMPASS BANK ("COMPASS BANK") at all times relevant was a company doing business in San Diego County, California operating from an address at 15 South 20th Street, Birmingham, AL 35233. COMPASS BANK is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the corporation's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.  COMPASS BANK furnishes consumer information to consumer reporting agencies.

7) Defendant USAA FEDERAL SAVINGS BANK ("USAA") at all times relevant was a company doing business in San Diego County, California operating from an address at 10750 McDermott Freeway, San Antonio, TX 78288. USAA is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the corporation's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25. USAA furnishes consumer information to consumer reporting agencies.

8) Defendant BMW FINANCIAL SERVICES NA, INC. ("BMW") at all times relevant was a company doing business in San Diego County, California operating from an address at 300 Chestnut Ridge Rd., Woodcliff Lake, NJ 07675.  BMW is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the corporation's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25. BMW furnishes consumer information to consumer reporting agencies.

9) Defendant MERCEDES-BENZ FINANCIAL SERVICES USA LLC ("MERCEDES") at all times relevant was a company doing business in San Diego County,

1  California operating from an address at 36455 Corporate Drive, Farmington Hills, MI
2  48331.  MERCEDES is a company who in the ordinary course of business regularly and on
3  a routine basis furnishes information  to one or more consumer credit reporting agencies
4  about the corporation's own transactions or experiences with one or more consumers as
5  defined in California Civil Code §1785.25.  MERCEDES furnishes consumer information to
6  consumer reporting agencies.
7         10)    Defendant BANK OF AMERICA, N.A. ("BANK OF AMERICA") at all times
8  relevant was a company doing business in San Diego County, California operating from an
9  address at 110 North Tyron Street, Suite 170, Charlotte, NC 28202.   BANK OF AMERICA
10 MERCEDES is a company who in the ordinary course of business regularly and on a routine
11 basis furnishes information  to one or more consumer credit reporting agencies about the
12 corporation's own transactions or experiences with one or more consumers as defined in
13 California Civil Code §1785.25.  BANK OF AMERICA furnishes consumer information to
14 consumer reporting agencies.
15        11)    The true names and capacities, whether individual, corporate (including officers
16 and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through
17 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious
18 names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a
19 DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-
20 conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements,
21 transactions, events and/or acts hereinafter described, and thereby proximately caused
22 injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities
23 of these DOE Defendants are ascertained, they may be inserted in all subsequent
24 proceedings, and that this action may proceed against them under their true names.
25        12)    Venue in this District is proper in that the Defendants transact business here and
26 the Plaintiff resides here.
27        13)    Defendants COMPASS BANK, USAA, BMW, MERCEDES, BANK OF
28 AMERICA are each a "claimant" as defined under the Identity Theft Act, Civ. Code

§1798.92(a).

14) Plaintiff is a "victim of identity theft" as defined by Civ. Code § 1798.92(d).

### III.  FACTUAL ALLEGATIONS

15) Plaintiff is a victim of identity theft.

16) The identity thief opened accounts ("the Accounts") in Plaintiff's name, without his knowledge or consent with COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA ("the Claimants") or any of their alleged predecessors in interest.

16) Plaintiff filed a police report with regards to the identity theft.

17) Plaintiff filed an FTC fraud affidavit with regards to the identity theft.

18) The Claimants reported the Accounts to Plaintiff's credit filed maintained by EXPERIAN, EQUIFAX and TRANS UNION ("the CRAs").

19) Plaintiff disputed the accounts with the CRAs and provided the police report and FTC fraud affidavit with the disputes.

20) Defendants failed to conduct a reasonable investigation within thirty days from receipt of Plaintiff's dispute.

21) Defendants continued to maintain a balance on the Accounts after it had knowledge Plaintiff was the victim of identity theft.

22) Defendants continued to report the Accounts on Plaintiff's credit file after it had been disputed.

23) The reporting was inaccurate as Plaintiff did not owe on the Accounts.

24) As a result of the acts alleged above, Plaintiff suffered emotional distress and damage to his credit worthiness.

### IV.  FIRST CLAIM FOR RELIEF

**(Against All Defendants for Violations of the FCRA)**

25) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

26) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files it published and maintains concerning Plaintiff.

27) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnishers; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

28) COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the CRAs.

29) The Defendants' unlawful conduct was willful.

30) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

31) Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V.   SECOND CLAIM FOR RELIEF
**(Against All Defendants for Violation of the CCRAA)**

32) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33) Defendants violated the CCRAA, by including but not limited to, the following:

(a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

(b) The CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

  (c) COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Claimants knew or should have known was incomplete or inaccurate.

34) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

36) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

## VI.  THIRD CLAIM FOR RELIEF

**(Against Defendant COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA and Does 1-5 for Violation of the Identity Theft Act)**

37) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

38) Plaintiff is a victim of identity theft.

39) Plaintiff provided notice to COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA that a situation of identity theft may exist more than 30 days prior to the filing of this action.

42) COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA failed to diligently investigate the Plaintiff's notification of a possible identity theft.

43) COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA continued to pursue their claim against Plaintiff after Plaintiff presented facts pertaining to the identity theft.

44) COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA violated Civ. Code §1798.92 *et seq.*

45) As a proximate result of COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA'S violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

46) COMPASS BANK, USAA, BMW, MERCEDES, and BANK OF AMERICA are liable to Plaintiff for a declaratory judgment, actual damages, attorney's fees, costs, equitable relief, and a civil penalty pursuant to Civ. Code §1798.92 *et seq.*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following: (Add Identity Theft relief)

    (a) Actual damages;
    (b) Statutory damages;
    (c) Costs and reasonable attorney's fees;
    (d) Punitive damages; and
    (e) For such other and further relief as the Court may deem just and proper.

Date: May 27, 2021　　　　　　　　__s/ Jeremy S. Golden_____
　　　　　　　　　　　　　　　　　Jeremy S. Golden,
　　　　　　　　　　　　　　　　　Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: May 27, 2021　　　　　　　　__s/ Jeremy S. Golden_____
　　　　　　　　　　　　　　　　　Jeremy S. Golden,
　　　　　　　　　　　　　　　　　Attorney for Plaintiff