UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALBERT SAMIA | Case No.: 21-cv-1015 W (WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS [DOCS. 16, 29] WITH LEAVE TO AMEND** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, LLC, et al., | |
| Defendants. | |

Pending before the Court are motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant BBVA USA dba Compass Bank and Defendant USAA Federal Savings Bank. Plaintiff Albert Samia opposes both motions. The Court decides the matter on the papers submitted and without oral argument. Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions [Docs. 16, 29] **WITH LEAVE TO AMEND**.

## I.   BACKGROUND

According to the Complaint, Plaintiff Albert Samia is the victim of identity theft. (*Compl.* [Doc. 1] ¶ 15.)  His identity was used to open accounts with Defendant BBVA USA dba Compass Bank ("BBVA") and Defendant USAA Federal Savings Bank ("USAA").  (*Id.* ¶ 16.)

At some point, Samia filed a police report regarding the identity theft.  (*Compl.* ¶ 16.[1])  He then "filed an FTC fraud affidavit with regards to the identity theft."  (*Id.* ¶ 17.)

Defendants USAA and BBVA reported the accounts opened by the identity thief (the "Accounts") to Samia's "credit file maintained by EXPERIAN, EQUIFAX and TRANS UNION ('the CRAs')."  (*Compl.* ¶ 18.)  Samia "disputed the accounts with the CRAs and provided the police report and FTC fraud affidavit with the disputes."  (*Id.* ¶ 19.)  USAA and BBVA "failed to conduct a reasonable investigation within thirty days from receipt of [Samia's] dispute."  (*Id.* ¶ 20.)  USAA and BBVA continued to maintain a balance on the Accounts after they had knowledge Samia was the victim of identity theft and continued to report the Accounts on his credit file.  (*Id.* ¶¶ 21, 22.)  Samia contends the reporting was inaccurate because he "did not owe on the Accounts" and as a result he has suffered "emotional distress and damage to his credit worthiness."  (*Id.* ¶¶ 23, 24.)

On May 27, 2021, Samia filed this lawsuit.  The Complaint asserts three causes of action for: (1) Violation of the Fair Credit Reporting Act, 15 U.S. C. § 1681, *et seq.* ("FCPA"); (2) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq.* ("CCRAA"); and (3) Violation of the California Identity Theft Act, Cal. Civ. Code § 1798.92, *et seq.* ("CITA")  Defendants BBVA and USAA now move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

//

//

---

[1] Samia's Complaint includes two ¶ 16s.

## II.  LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party."  Vasquez v. L.A. Cty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).  The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

Well-pleaded allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences.  Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Leave to amend should be freely granted when justice so requires.  See Fed. R. Civ. P. 15(a).  However, denial of leave to amend is appropriate when such leave would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996); Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997).

//
//

### III. DISCUSSION

#### A. FCRA Claim for Relief.

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009). To ensure credit reports are accurate, the FCRA imposes duties on "furnishers" of credit information to CRAs. Id. Under § 1681s-2, furnishers of information are subject to two categories of responsibilities. Id. at 1154. Subsection (a) details a furnishers duty to provide accurate information to CRAs by, for example, requiring a furnisher to notify a CRA if the consumer disputes information that the furnisher reported to the CRA. Id. citing 15 U.S.C. § 1681s-2(a)(3). Duties under this subsection may only be enforced by federal or state agencies; there is no private right of action. Id. citing 15 U.S.C. § 1681s-2(c).

Subsection (b) "imposes a second category of duties on furnishers of information." Gorman, 584 F.3d at 1154. "These obligations are triggered 'upon notice of dispute'— that is, when a person who furnished information to a CRA *receives notice from the CRA* that the consumer disputes the information." Id. citing § 1681i(a)(2) (emphasis added). The furnisher's obligations involve, for example, "conducting an investigation with respect to the disputed information." § 1681s-(2)(b)(1)(A). With respect to these obligations, the "FCRA expressly creates a private right of action for willful or negligent non-compliance with its requirements." Gorman, 584 F.3d at 1154. "To prevail on a claim under section 1681s-2(b), a plaintiff must allege that: (1) she notified a CRA of a dispute regarding the accuracy of an account; (2) the CRA notified the furnisher of the information; and (3) the furnisher failed to take remedial measures required by statute. Lara v. Experian Information Solutions, Inc., 2021 WL 927361, at * 2 (S.D. Cal. 2021) (citing Kozlowski v. Bank of Am., N.A., 2018 WL 2096381, at *3 (E.D. Cal. 2018)).

Here, Defendants contend Samia has failed to state an FCRA claim for a number of reasons. First, USAA argues the Complaint fails to allege the CRAs notified USAA about Samia's dispute. (*USAA P&A* [Doc. 16-1] 6:3–8.) Samia responds by citing cases

outside the Ninth Circuit that have held a plaintiff does not need to allege the CRA provided notice to a furnisher of information. (*See Opp'n to USAA Mot.* [Doc. 27] 4:23–28.) In Lang v. TCF National Bank, 249 Fed. Appx. 464 (7th Cir. 2007 (unpublished), for example, the Seventh Circuit held that the plaintiff did not have to plead notice because, among other reasons, CRAs are legally obligated to provide notice to a furnisher of information and "[t]he FCRA does not require a CRA to tell a consumer when it notifies a furnisher … about the consumer's dispute." Id. at 466. "As a result a consumer may not, at the time of filing a complaint, be in a position to allege that notification." Id.

Although this Court finds Lang's analysis is persuasive, the Ninth Circuit has held that a plaintiff's private right of action under the FCRA is not triggered until a CRA provides notice to the furnisher of information. Gorman, 584 F.3d at 1154. Based on this holding, district courts within the Ninth Circuit have required plaintiff to allege facts indicating notice. See e.g. Kozlowski, 2018 WL 2096381, at *4 (dismissing FCRA claim because "Plaintiff does not allege … that a consumer reporting agency notified the furnisher … of a dispute"); Lara, 2021 WL 927361, *3 (finding plaintiff alleged "Experian notified Pennymac of the dispute"). Accordingly, this Court feels compelled to follow these cases. Because Samia did not allege notice, his FCRA claim is insufficiently pled.

USAA and BBVA also argue Samia fails to allege "non-speculative and specific damages" because he asserts "only vague allegations of 'emotional distress and damage to his credit worthiness.'" (*USAA P&A* 6:17–24; *BBVA P&A* [Doc. 29-1] 5:14–27.) In his opposition, Samia essentially argues that because he seeks damages that are recoverable under the FCRA, his allegations are sufficient. (*Pl's Opp'n to BBVA* 5:8–6:9.) The Court agrees with Defendants.

In Sion v. SunRun, Inc., 2017 WL 952953 (N.C. Cal. 2017), plaintiff alleged she "was affected personally" by defendant's violation of the FCRA in that she "felt her privacy had been invaded and that her personal and private information had been disclosed to Defendant." Id. * 2. As a result, plaintiff alleged she suffered emotional

distress and "Defendant increased the risk that Plaintiff will be injured if there is a data breach on Defendant's computer systems…." Id.  In finding plaintiff failed to adequately allege damages, the court recognized that although "actual damages can include emotional distress, 'a plaintiff must support her claim for pain and suffering, with something more than [her] own conclusory allegations,' such as specific claims of genuine injury.'" Id. (quoting Dewi v. Wells Fargo Bank, 2012 WL 10423239, at 8–9 (C.D. Cal. 2012) (some internal quotation marks omitted).  The court then distinguished plaintiff's conclusory and unsupported allegations from damage allegations found sufficient in other cases:

> In Drew [v. Equifax Info. Servs., LLC, for example, the plaintiff "and his psychological expert explained how the identity theft caused Drew grave post-traumatic stress due to his weakened condition and his continued association with the fraudulent accounts exacerbated his condition." Drew, 690 F.3d [1100, 1109 (9th Cir. 2012)].  This is more specific than any of the allegations in Sion's FAC.  The same distinction can be drawn with Guimond v. Trans Union Credit Info. Co., where the plaintiff alleged that she suffered "emotional distress, manifested by sleeplessness, nervousness, frustration, and mental anguish resulting from the incorrect information in her credit report." 45 F.3d 1329, 1332 (9th Cir. 1995). Neither case stands for the proposition that a bald assertion of emotional distress suffices to show actual damages.

Id. (internal bracket omitted).

Here, Samia alleges that as a result of Defendants' acts, "Plaintiff suffered emotional distress and damage to his credit worthiness." (Compl. ¶ 24.)  There are no facts supporting either allegation.  Because Samia fails to provide any facts supporting his damages claims, his FCRA claim fails for this additional reason.

USAA and BBVA next contend Samia's FCRA claim is insufficiently pled because he failed to allege other facts, such as (1) the timing of Defendants' violation or Samia's discovery of the violation, (2) identification of the accounts, (3) the specific inaccuracies, (4) how the accounts were improperly reported, or (5) how Defendants failed to properly investigate the dispute. (USAA P&A 6:8–13; BBVA P&A 5:2–13.)  The

Court disagrees with this argument.

Samia alleges that the accounts with USAA and BBVA were opened by someone who stole his identity. (*Compl.* ¶¶ 15–16.) Based on this allegation it is obvious that the "accounts" at issue are the USAA and BBVA accounts in Samia's name. Similarly, the specific inaccuracies are obvious: the very existence of the accounts in Samia's name since he contends he did not open the accounts. How the accounts were improperly reported and USAA's failure to investigate is also clear: given the allegation that he was the victim of identity theft—a fact which must be assumed as true at this stage—it is reasonable to infer that USAA's and BBVA's continued reporting of the accounts in his name indicates their investigation into whether he opened the accounts was unreasonable.

### B.     CCRAA Claim for Relief

The CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Defendants challenge Samia's CCRAA claim on many of the same grounds as his FCRA claim.

Defendants argue Samia fails to provide sufficient details, such as (1) the identity of the accounts, (2) the accuracy of the accounts (3) Defendants' reporting of the accounts or (4) the dates Defendants were notified of the dispute. (*USAA's P&A* 7:3–15, 7:21–8:2; *BBVA P&A* 5:2–13.) As discussed above, the Court finds that given Samia's claim that he was the victim of identity theft and did not open the accounts, Defendants' argument lacks merit.

Defendants next argue Samia's damage allegations are insufficient. (*USAA P&A* 7:15–20; *BBVA P&A* 5:14–27.) For the reason discussed above, the Court agrees and on this basis will dismiss this claim.

## C.     CITA Claim for Relief.

CITA "allows the 'victim of identity theft' to bring an action for damages, civil penalties, and injunctive relief against a 'claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person.'" Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1092 (9th Cir. 2008) (quoting Cal. Civ. Code § 1798.93(a) and (c)).  A ''claimant'' is defined as "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." Cal. Civ. Code § 1798.92(a).  The term is limited to someone who has a present interest in the "claim for money or … property," and "not a person who had an interest in a disputed debt at some point in the past…." Satey, 521 F.3d at 1093.  The term "victim of identity theft" means "a person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard pursuant to Section 530.5 of the Penal Code." Cal. Civ. Code § 1798.92(d).

Defendants argue Samia's CITA claim fails to allege facts showing USAA and BBVA are "claimants" under the statute.  (*USAA P&A* 8:8–26; *BBVA* 3:24–4:6.)  The Court disagrees.  Samia alleges the identity thief opened accounts with BBVA and USAA, which have "a balance." (*Compl.* ¶¶ 16, 21.)  At this stage in the litigation, it is reasonable to infer that the "balance" relates to a debt in connection with a transaction.  And, because USAA and BBVA continue to report the balance on the accounts, it is also reasonable to infer they are continuing to claim an interest in the money owed on the "balance."  Thus, at this stage in the litigation, the Court finds Samia has plead sufficient facts to demonstrate USAA and BBVA are "claimants."

Next, Defendants argue Samia's allegations are insufficient to establish he is the victim of identity theft.  (*USAA P&A* 9:15–18; *BBVA* 4:17–24.)  Assuming for the sake of argument that alleging he is the victim of identity theft is insufficient, Samia also alleges

he filed a police report and an FTC fraud affidavit.  (*Compl.* ¶¶ 16, 17.)  The Court finds these allegations sufficient to establish he is the victim of identity theft.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions [Docs. 16, 29] and **ORDERS** as follows:

1. The cause of actions for violation of the FCRA and CCRAA are **DISMISSED WITH LEAVE TO AMEND** as to Defendants USAA and BBVA.  The motions are denied as to the CITA cause of action.
2. Samia's First Amended Complaint must be filed on or before **February 15, 2022**.

 IT IS SO ORDERED.

Dated:  February 1, 2022

_____
Hon. Thomas J. Whelan
United States District Judge